**Samuel Lewis TAYLOR, Appellant,**

**v.**

**Paula Huffman PHILLIPS; Alex Clinton; Christy Clinton; Jennifer Brown; Jennifer Alexander; Chuck Dwyer, Superintendent, SECC; Johnny William, Functional Unit Manager, SECC; Jim Preston, Clothing Issue Supervisor, SECC; Steven Buhs, Caseworder Assistant, SECC; Omer Clark, Associate Superintendent, SECC; David Gaines, Caseworker Assistant, SECC; Dawn Horn, Caseworker, SECC; Sandria Hutcheson, Librarian, SECC; Tina Whitson, Correctional Officer II, SECC; John Roach, Correctional Officer I, SECC; John Hoskins, Correctional Officer I, SECC; Michael McGill, Correctional Officer SECC; Linda Manes, Correctional Of-**

ficer I, SECC; Bill Harris, Associate Superintendent, SECC; Dan Smith, Factory Supervisor, SECC; Jason Lewis, Educational Supervisor, SECC; Jimmie Bell, Nurse/CMS, SECC; Unknown Hillie, Correctional Officer I, SECC; Unknown Kaiser, Correctional Officer I, SECC; Unknown Dorris, Caseworker, SECC; Unknown Reed, Correctional Officer II, SECC; Unknown Hack, Correctional Officer I, SECC; Larry Garris, Correctional Officer II, SECC; Sharon Gifford, Functional Unit Manager, SECC; Brian Allen, Caseworker PCC; Jeffrey Turner, Correctional Officer III, PCC; Unknown Coffman, Correctional Officer I, PCC; Unknown Rayfield; Unknown Tammi, Nurse/CMS, PCC; Unknown Bailey, Caseworker, PCC; Jackie Laird, Mailroom Supervisor, PCC; Ian Wallace, Associate Superintendent, PCC; Unknown Salvage, Grievance Officer, PCC; Unknown Miller, Correctional Officer I, PCC; Unknown Arcand, Caseworker, PCC; Unknown Milam, Caseworker, PCC; Unknown Horn, Correctional Officer II, PCC; Unknown Francis, Correctional Officer I, PCC; Unknown Conrad, Correctional Officer I, PCC: Cindy Griffith, Functional Unit Manager, PCC; Unknown Demello, Correctional Officer I, PCC; Unknown Wilheight, Correctional Officer II, SECC; Unknown McKinney, Doctor/CMS, PCC; Unknown Nixon, Functional Unit Manager, PCC, Appellees.

No. 11–1648.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 13, 2011.
Filed: May 18, 2011.

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

PER CURIAM.

Missouri inmate Samuel Taylor appeals from the District Court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice under 28 U.S.C. § 1915(g). Upon de novo review, we conclude that only two of the three cases that the court identified qualify as strikes. *See Owens v. Isaac,* 487 F.3d 561, 563 (8th Cir.2007) (per curiam) (standard of review). Specifically, the court erroneously counted the dismissal of *Taylor v. Schriro,* No. 2:01–cv–38, as a strike because in that case, some claims were dismissed for failure to state a claim while others were dismissed without prejudice for improper venue. The plain language in § 1915(g), however, requires that the entire action be dismissed on one or more of the three enumerated grounds, that is, as frivolous or malicious or for failure to state a claim, before it counts as a strike. *See* 28 U.S.C. § 1915(g) (requiring application of the three-strikes bar if the prisoner has on three or more prior occasions while detained brought an action or appeal in federal court that was dismissed as frivolous or malicious or for failure to state a claim); *see also Tolbert v. Stevenson,* 635 F.3d 646, 647–55 (4th Cir. 2011) (collecting cases supporting the proposition that "action" in § 1915(g) unambiguously means the entire case or suit, so that an inmate's entire "action or appeal" must be dismissed on grounds enumerated in the statute in order to count as a strike); *cf. Powells v. Minnehaha Cnty. Sheriff Dep't,* 198 F.3d 711, 713 (8th Cir. 1999) (per curiam) (noting that the reversal of the district court's dismissal of some of the claims in a prisoner's suit eliminated

one of the three strikes that had served as the basis for dismissal of two later-filed cases).

Accordingly, we grant leave to appeal in forma pauperis, we reverse the § 1915(g) dismissal, and we remand for further proceedings.